IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALTER J. DEBREWER | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. RDB-06-1177 |
| | | |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | *** | |

**MEMORANDUM OPINION**

On May 5, 2006, Walter J. Debrewer ("Debrewer") filed a letter with the Court seeking to have the records in his 1976 criminal case expunged so that he can pursue jobs that require extensive security clearance as a sub-contractor.[1]  (Paper No. 1).   He claims he has engaged in no other criminal activity and has no other arrests.  (*Id*.).

The document was treated as a Petition for Expungement.  On July 14, 2006, the Government filed a court-ordered show cause response, which was not provided to Debrewer due to his failure to provide a service address.  (Paper No. 3).   The case may be determined on the papers before the Court.  *See* Local Rule 105.6. (D. Md. 2004).

According to the criminal docket in *United States v. Debrewer*, Criminal No. R-76-0234 (D. Md. 1976), Debrewer was indicted in April of 1976, on two counts of theft of mail by postal employee, in violation of 18 U.S.C. § 1709.[2]   On April 30, 1976, a superceding information was entered charging Debrewer with one count of opening mail not directed to him, in violation of 18 U.S.C. § 1703(b).  He was arraigned and pleaded guilty to that count.  The imposition of sentence was suspended pending a pre-sentence investigation.   In June, 1976, the Government nolle prossed

---

[1] No address or telephone number accompanied the letter.  It has been over two months since the letter was submitted to the Court and there is no evidence that Debrewer has contacted the Court to inquire into the status of his expunction request or to provide a local address or contact information.

[2] According to the Government, its file in Debrewer's criminal case was routinely destroyed on or about January of 1987.  (Paper No. 3).

and dismissed the counts contained in the original indictment. On June 24, 1976, an order was entered committing Debrewer to the custody of the Attorney General or his authorized representative for imprisonment for a period of 1 year, all but 30 days suspended,[3] and two years probation.

No federal statute or regulation generally provides for expungement of a federal offense. The law among the circuits indicates that a federal court has only very limited discretionary power to order the expungement of records in an criminal case and that the authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g.*, *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977). If an arrest is made on probable cause or if an indictment is properly obtained, records of these events should not be expunged, even if the charges are later dismissed. *Id.* The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal significance, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the government ultimately fails to prove guilt. *Id.*; *see also United States v. Dunegan*, 251 F.3d 477, 480 (3rd Cir. 2001) (district court lacks subject matter

---

[3]   The 30-day period was to be served on the weekends.

jurisdiction to expunge a criminal record, even when no conviction resulted, absent an applicable expungement statute or any allegation that the criminal proceedings were invalid or illegal). There may be an exception to this rule when the government dismisses the indictment and concedes the innocence of the defendant or when the indictment is constitutionally infirm, is based on a statute which is subsequently declared unconstitutional, or is returned for purposes of harassment or intimidation or some other improper reason. *See Sealed Appellant*, 130 F.3d at 697*; Schnitzer*, 567 F.2d at 540; *United States v. Flagg*, 178 F.Supp.2d 903, 905-06 (S. D. Ohio 2001).

Debrewer asks the record be expunged because he is applying for a job requiring an extensive security check. In the 30 years since his arrest and conviction, the legality of which have never been called into question, there apparently have been no significant adverse consequences for him. In similar circumstances, this Court and other courts have declined to order expungement. *See United States v. Gary*, 206 F.Supp.2d 741, 741-42 (D. Md. 2002)*; United States v. Steelwright*, 179 F.Supp.2d 567, 573-74 (D. Md. 2002);  *see also United States v. Janik*, 10 F.3d 470, 472-73 (10th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D. N.Y. 2003); *United States v. Agile*, 199 F.Supp.2d 5, 7 (E.D. N.Y. 2002).

Debrewer has not established equitable grounds to expunge court records regarding his conviction under 18 U.S.C. § 1703(b). The Petition for Expungement will be denied.

A separate Order follows.

Date:   July 17, 2006                         /s/
                                              RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE